UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GEORGE A. DELUCA,           )
                            )
              Petitioner,   )
     vs.                    )    2:14-cv-211-JMS-WGH
                            )
L. LARIVA, Warden,          )
                            )
              Respondent.   )

**Entry and Order Dismissing Action**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). As explained here, that is the nature of the habeas petition of George DeLuca, a federal inmate confined in this District. DeLuca's petition for a writ of habeas corpus will therefore be denied.

**I.**

DeLuca was convicted offenses for his role in a multi-state cocaine and heroin ring. He was sentenced on March 26, 1996. His conviction and sentence were affirmed on appeal in *United States v. Grajales–Montoya,* 117 F.3d 356 (8th Cir. 1997).

Deluca seeks judicial review of the Federal Bureau of Prisons' ("BOPs'") denial of his request for a reduction in sentence (RIS) he sought based on provisions in BOP Policy statement 5050.49. A RIS is authorized under 18 U.S.C. § 3582(c)(1)(A). Only the sentencing court is authorized to act on such a request. DeLuca's sentencing court is the United States District Court for the Eastern District of Missouri. *DeLuca v. United States,* 4:01–cv–00164 (E.D.Mo. Aug. 26, 2003).

In harmony with the foregoing, the habeas remedy DeLuca seeks cannot be granted based on his allegations. Habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002); *see also Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). DeLuca concedes in his petition that this is not the relief he is claiming, but only judicial review of the administrative decision of the BOP to deny his request for a RIS. This is not within the province of habeas corpus. *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

The Court of Appeals has urged district courts to honor a prisoner's choice of claim and has cautioned against converting collateral actions into other civil actions (because of the varying requirements and restrictions concerning inmate litigation, depending on the statute invoked). *Richmond*, 387 F.3d at 667. Whether DeLuca can obtain the requested review in some other fashion is a question not addressed here. It is sufficient to note that his petition for writ of habeas corpus shows on its face that he is not entitled to the relief he seeks and that for this reason the petition will be denied and the action will be summarily dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: August 19, 2014

*[Signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

GEORGE A. DELUCA  Reg. No. 37080-054
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808